**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

FERNANDO ZALDIVAR-PINEDA                                    PETITIONER

v.                                                    NO. 5:14-cv-31-DCB-MTP

BARBARA WAGNER                                            RESPONDENT

<u>REPORT AND RECOMMENDATION</u>

BEFORE THE COURT is the *pro se* Petition of Fernando Zaldivar-Pineda for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241.  Having considered the submissions of the parties and the applicable law, the undersigned recommends that the Petition [1] be dismissed with prejudice.

**BACKGROUND**

On April 17, 2010, Petitioner was arrested by authorities in Gwinnett County, Georgia, on a probation violation. ([1] at 2; Response [7] at 2; Public Info. Data [7-1] at 4.)  He was in state custody from April 17, 2010, to April 28, 2010.  Then, after being identified as a previously deported alien, he was transferred to federal custody with the United States Bureau of Immigration and Customs Enforcement ("ICE"). ([7] at 2.)[1]  He was in ICE's custody for deportation proceedings from April 28, 2010, to September 8, 2010. ([7] at 2.)  Petitioner was indicted on September 9, 2010, for illegal re-entry as a previously deported alien in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). ([1] at 2; [7] at 2.)  On November 16, 2010, Petitioner pled guilty and was sentenced to fifty-one months of imprisonment beginning on January 28, 2011.

_____

[1] Petitioner claims that "[t]he federal government had primary custody over Petitioner from the date of Petitioner arrest." ([1] at 2.)

([1] at 3; [7] at 2-3; [7-1] at 4.)  However, Petitioner received credit for the time he spent in custody from September 9, 2010, to January 27, 2011. ([1] at 4; [7] at 3; [7-1] at 4.)[2]

On April 14, 2014, Petitioner filed a Petition for Writ of Habeas Corpus [1] pursuant to 28 U.S.C. § 2241, challenging the calculation of his sentence.  He asserts that he should have received credit for his time in custody from April 17, 2010, to September 8, 2010. ([1] at 4, 6-7.) At the time he filed his Petition, he was a prisoner at the Adams County Correctional Center in Natchez, Mississippi.  His sentence was scheduled to end on June 14, 2014, and on June 13, 2014, he was released to ICE for deportation proceedings. ([1] at 3; [7] at 1, 3; [7-1] at 4; Inmate Profile [7-2] at 1.)  On June 18, 2014, Respondent filed an Answer [7], arguing that the Petition is moot because Petitioner has been released from prison. ([7] at 3.)  Respondent also argues that Petitioner failed to exhaust his administrative remedies and that his claims have no merit. ([7] at 4-6, 6-8.)

## ANALYSIS

A federal prisoner may challenge the manner in which his sentence is being executed by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  However, Article III of the United States Constitution provides that "federal courts may only adjudicate actual, ongoing cases or controversies."  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).  When a prisoner's sentence ends, a petition for writ of habeas corpus can become moot unless there is a "concrete and continuing injury other than the now-ended incarceration or parole."  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  If a federal court can presume a "collateral consequence" due to a conviction, or if a prisoner can demonstrate a continuing injury, the court may still be able to

---

[2]Petitioner describes his sentence as beginning on September 9, 2010. ([1] at 4.)

hear a habeas petition even after the conclusion of the petitioner's sentence, but if those qualifiers do not apply, the petition may be past the point of remedy.  *Id.* at 7-14; *see also Sibron v. New York*, 392 U.S. 40, 55 (1968).

In the present case, Petitioner's claims are moot because he finished his term of imprisonment and was sent back to ICE custody for possible deportation. ([7] at 1, 3; Inmate Profile [7-2] at 1.)  Petitioner requests credit to his sentence for time he was in custody prior to his indictment, but after a sentence has ended, the type of relief Petitioner requests is no longer possible. *See*, *e.g.*, *Phong Thanh Tran v. Longley*, 2014 WL 6673557 at *2 (S.D. Miss. Nov. 24, 2014); *Castro-Frias v. Laughlin*, 2012 WL 4339102 at *2 (S.D. Miss. July 13, 2012). Additionally, the prior custody credit that Petitioner seeks would not affect any existing post-release supervision period of his sentence. *See United States v. Johnson*, 529 U.S. 53, 59 (2000) (holding that "[t]he objectives of a supervised release would be unfulfilled if excess prison time were to offset and reduce the terms of supervised release").  Thus, the Petition should be dismissed as moot.

Additionally, Petitioner neglected to exhaust his administrative remedies with the Burea of Prisons ("BOP").  Before a prisoner may pursue such claims in federal court, the prisoner is required to exhaust the relevant administrative remedies. *U.S. v. Gabor*, 905 F.2d 76, 78 n.2 (5th Cir. 1990) ("Not only must a petitioner seeking credit on his sentence file his petition pursuant to § 2241, but he must first exhaust his administrative remedies through the Bureau of Prisons."). Moreover, the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective administrative grievance or appeal" because "proper exhaustion of administrative remedies is necessary." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006).  The Prison

Litigation Reform Act requires that a prisoner "not only pursue all available avenues of relief; he must also comply with all administrative deadlines and procedural rules." *Lane v. Harris City Med. Dep't.*, 266 Fed. App'x. 85, 86 (5th Cir. 2008); *see also* 42 U.S.C. § 1997e(a).

The Adams County Correctional Center has a multi-step administrative process for resolving prisoner complaints.  Pursuant to the Inmate Handbook, a prisoner must first attempt to informally resolve the complaint with staff. ([7-5] at 4.)  If informal attempts are unsuccessful, the prisoner must submit a formal written grievance. *Id*.  If unsatisfied with the response to the grievance, the prisoner may appeal the decision to the warden. *Id*.  If unsatisfied with the warden's response, the prisoner may appeal the decision to the Administrator of the BOP's Privatization Management Branch. *Id*. at 4-6.  If still unsatisfied, the prisoner may appeal to the BOP's Office of General Counsel. *Id*.

The record reflects that while Petitioner completed many of the steps in the administrative process and filed an appeal with the Office of General Counsel, the appeal was rejected because Petitioner failed to include copies of the warden's response or copies of documents submitted to the warden. ([7-9] at 4.)[3]  As previously explained, prisoners are required to exhaust administrative remedies in a procedurally correct manner.  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90-91.  Thus, Petitioner failed to properly exhaust his administrative remedies, and his Petition should be dismissed. *See Herrera-*

---

[3] The record reflects that Petitioner did not wait for the Office of General Counsel's rejection before filing the instant action.  Petitioner filed this action on April 14, 2014, and the General Counsel did not reject his appeal until April 28, 2014.

*Villatoro v. Driver*, 269 Fed. App'x. 372, 373 (5th Cir. 2008); *Braddy v. Fox*, 2014 WL

3884251, at *2 (E.D. Tex. Aug. 7, 2014).

## RECOMMENDATIONS

For the reasons stated above, the undersigned recommends that the Petition for Writ of

Habeas Corpus [1] be **dismissed with prejudice** as the Petition is moot.  Alternatively, the

undersigned recommends that the Petition be dismissed without prejudice for Petitioner's failure

to properly exhaust his administrative remedies.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days

after being served a copy of this recommendation, may serve and file written objections to the

recommendations, with a copy to the judge, the magistrate judge and the opposing party.  The

District Judge at the time may accept, reject or modify in whole or part, the recommendations of

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with

instructions.  The parties are hereby notified that failure to file written objections to the proposed

findings, conclusions, and recommendations contained within this report and recommendation

within fourteen days after being served with a copy shall bar that party, except upon grounds of

plain error, from attacking on appeal the proposed factual findings and legal conclusions

accepted by the district court to which the party has not objected.  *Douglass v. United Servs.*

*Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 23rd day of August, 2016.

s/ Michael T. Parker
United States Magistrate Judge

5